UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DERRICK AUSTIN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY SHERIFF'S OFFICE, *et al*.,<br><br>Defendants. | Case No. 1:24-cv-00647-KES-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION AND TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER CONTINUING THE MANDATORY SCHEDULING CONFERENCE<br><br>ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE OF THIS ORDER AND TO FILE PROOF OF SERVICE<br><br>**<u>FIVE-DAY DEADLINE</u>** |

**<u>Background</u>**

Plaintiffs Estate of Derrick Austin, and Lillie Wolfe and James Ledford, as successors in interest and individually ("Plaintiffs"), initiated this action with the filing of a complaint on May 31, 2024. (Doc. 1). On June 3, 2024, the Clerk of the Court issued summonses and the Court entered an order setting a mandatory scheduling conference on September 4, 2024. (Docs. 2-3). The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 3 at 1). The order further advised Plaintiffs that

1

failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.  To date, Plaintiffs have not filed proofs of service, and no Defendant has appeared in the action.

The Court's order setting mandatory scheduling conference separately required the parties to file a joint scheduling report one week prior to the scheduling conference (*e.g.*, no later than August 28, 2024).  (Doc. 3 at 2).  On August 28, 2024, Plaintiffs filed a document titled "Scheduling Report."  (Doc. 8).  In that document, Plaintiffs state that they "had anticipated serving a First Amended Complaint (FAC) rather than the original complaint given that the amendments are necessary to ensure that the complaint accurately reflects all relevant facts and legal claims."  (Doc. 8 at 3).  Plaintiffs also state that, "[u]pon the Court issuing summons, Plaintiffs' First Amended Complaint will be timely served pursuant to Federal Rules of Civil Procedure, Rule 4(m)."  *Id.* at 4.

**Governing Authority**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Discussion**

Plaintiffs failed to comply with this Court's order to diligently pursue service of the summons and complaint.  Instead, based on counsel's representations in the "Scheduling Report," Plaintiffs purposefully delayed service in light of their intention of filing an amended complaint.

Plaintiffs may be relieved of the sanction of dismissal of unserved defendants within the 90-day period under Rule 4(m) through a showing of "good cause." The Advisory Committee Notes to the 2015 amendment to Rule 4(m) explain that "[m]ore time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an inf forma pauperis action." None of those circumstances exist here and Plaintiff's tactical preference of delaying service in anticipation of filing an amended pleading does not excuse them of their obligation under Rule 4(m) and this Court's order to diligently and timely complete service. Given that the first amended complaint does not add new parties or claims (*see* Doc. 7), there simply is no showing why Plaintiffs could not have complied with this Court's order to diligently complete service.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within five (5) days of entry of this order, Plaintiffs SHALL show cause in writing why sanctions should not be imposed – including dismissal of unserved Defendants or this action in its entirety – for Plaintiffs' failure to prosecute, to serve the summonses and complaint in a timely manner, and to timely file a joint scheduling report. Filing summonses returned executed following entry of this order WILL NOT relieve Plaintiffs of their obligation to respond to this order in writing.

IT IS FURTHER ORDERED that the scheduling conference previously set for September 4, 2024 is CONTINUED to October 24, 2024 at 9:30 a.m.

IT IS FURTHER ORDERED that Plaintiffs shall serve a copy of this order on Defendants within five (5) days of entry of this order and promptly file proof of service thereof.

Any failure by Plaintiffs to timely respond to this order to show cause will result in the imposition of sanctions, including a recommendation to dismiss this action.

IT IS SO ORDERED.

Dated:   **August 29, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

3