UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DERRICK AUSTIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KERN COUNTY SHERIFF'S OFFICE, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00647-KES-CDB <br><br> ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE <br><br> (Doc. 41) |

**Background**

Plaintiffs Estate of Derrick Austin, and Lillie Wolfe and James Ledford, as successors in interest and individually ("Plaintiffs"), initiated this action with the filing of a complaint on May 31, 2024. (Doc. 1). Plaintiffs' claims arise from the death by suicide of their child while in custody of Defendant Kern County Sheriff's Office.

Currently before the Court is a discovery dispute concerning the parties' anticipated stipulated protective order that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Doc. 41). The parties convened via Zoom for informal discovery dispute conference on January 10, 2025. (Doc. 42). Denisse O. Gastelum appeared on behalf of Plaintiffs and Brande L. Gustafson and James D. Weakly appeared on behalf of County of Kern defendants. No counsel for Defendant Kern County Hospital Authority ["KCHA"] (including noticed counsel, Hugh Spackman) appeared as ordered.

The appearing parties did not object to proceeding without an appearance from KCHA.

At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or otherwise, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards

**Governing Authority**

Upon a showing of good cause, Rule 26 authorizes a court to enter a protective order that may, among other things, prescribe a discovery method and limit the scope of disclosure or discovery.  Fed. R. Civ. P. 26(c)(1).  Where parties request the court to enter a protective order, they must submit a proposed order that (1) describes types of information eligible for protection, (2) shows the particularized need for the requested protection, and (3) shows why a court order is necessary to facilitate the protection requested.  *See* E.D. Cal. Local Rule 141.1.

Separately, Rule 26 requires a party that withholds from production on grounds of privilege any otherwise discoverable material to expressly make the privilege claim and provide the requesting party certain information sufficient to permit it to assess the claim.  Fed. R. Civ. P. 26(b)(5)(A).  One method by which a party may satisfy Rule 26(b)(5) is to serve a privilege log. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992).  The Advisory Committee Note to what is now Rule 26(b)(5)(A) does not specify the specific information that must be provided in a privilege log.  Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993) ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.").  Nevertheless, in order to permit a receiving party (and the Court) to assess a producing party's privilege claim, a log typically must identify:

  1. The document's general nature and description;
  2. Name and position of its author;
  3. Date it was written;

2

4. Name and position of all addressees and recipients;

5. The document's present location; and

6. Specific reasons why it was withheld (*e.g.*, the applicable privilege).

*Martinez v. City of Fresno*, No. CV F 06-0233 OWW LJO, 2006 WL 3762050, at *6 (E.D. Cal. Dec. 20, 2006) (citing *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir.), cert. denied, 519 U.S. 927, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996)).  Accord "What Constitutes an 'Adequate Privilege Log' under Rule 26(b)(5)," 51 A.L.R. Fed. 3d Art. 2 (2020) (citing Haydock and Herr, Discovery Practice (Aspen Publishers 2009) & *Sky Angel U.S., LLC v. Discovery Communications, LLC*, 28 F. Supp. 3d 465 (D. Md. 2014), aff'd on other grounds, 885 F.3d 271 (4th Cir. 2018)).

**Discussion**

**1.  Stipulated Protective Order – Privilege Log Parameters**

Plaintiffs request the Court require the parties' anticipated, stipulated protective order to specify parameters governing any privilege log.  (Doc. 28).  Although declining to do so, the Court has articulated herein the privilege log parameters it considers would be necessary in this case to enable the Court to assess any future claim of privilege in connection with a party's withholding of documents pursuant to such privilege.

**2.  Stipulated Protective Order – Confidentiality Watermarks**

Defendants request the Court require the parties' anticipated, stipulated protective order to permit it to designate documents subject to the protection of the protective order with a watermark prominently displayed across the majority of each of the protected document's pages. (Doc. 41 & Exhibit 1).  Defendants assert that such a watermark is necessary to limit the possibility that protected documents are improperly disclosed and argue that a more traditional marking (such as "Confidential" in the header or footer of the document) is insufficient. Plaintiffs oppose on the grounds that the proposed watermark is distracting to the document's reader and may complicate the document indexing process (*i.e.*, by frustrating optical character recognition or similar digital indexing tools).

The Court declines to order that the parties' stipulated protective order permit Defendants

1  to mark documents with the proposed watermark – the watermark is, in fact, distracting and,
2  based on counsel for Plaintiffs' representations in the parties' joint letter brief and made during
3  the discovery dispute conference, could complicate digital discovery management tools.  The
4  Court is not persuaded by Defendants' arguments that more traditional marking methods in the
5  header and/or footer of a document are insufficient under the circumstances.

6  **Conclusion and Order**

7  Based on the foregoing, IT IS HEREBY ORDERED that the parties' anticipated,
8  stipulated protective order (1) need not address privilege log parameters and (2) need not permit
9  designation of protected documents with more than confidentiality markings in the documents'
10 header and/or footer.
11 IT IS SO ORDERED.
12 Dated:   **January 10, 2025**
13                                                                              UNITED STATES MAGISTRATE JUDGE